33370.   General Accident, Fire & Life Assurance Corp. et al.
v. Johnson.

Felton, J.   Where the evidence was undisputed that the claimant's deceased husband could ring-in on the time-clock anytime between 7:55 a. m. and 8:10 a. m., that he was not required to begin his labors until 8:15 a. m., that employees changed into work clothes after they had rung-in, that the deceased was unauthorized to ring-in before 7:55 a. m., that he was found at 7:35 or 7:40 a. m. in his street clothes, in a portion of the employer's premises not connected with his employment, in a dying condition due to a coronary occlusion, that at the time of such heart attack the deceased was not engaged in any activities either required by or necessary to his employment, a finding was demanded that the deceased's death did not arise out of and in the course of his employment.  This is not a case where a death occurs while an employee is in preparation to begin work and such preparation is considered a part of the employment.   This case comes within the principle announced in Finch v. Evins Amusement Co., 80 Ga. App. 457 (56 S. E. 2d, 489).

The court erred in affirming the award of the full board, reversing the award of the deputy director denying the claim.

Judgment reversed.  Sutton, C.J., and Worrill, J., concur.

Decided January 27, 1951.

Samuel A. Miller, Miller & Head, for plaintiffs in error.
T. Elton Drake, R. Beverly Irwin, contra.